```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Carol Y. Southern,              :

      Plaintiff,            :

      v.                    :       Case No. 2:04-cv-0634

The American Bottling Co.,      :       JUDGE MARBLEY

      Defendant.            :

## OPINION AND ORDER

This action is before the Court on Ms. Southern's March 25, 2005 motion for attorney fees under 28 U.S.C. §1447(c). On April 14, 2005, American Bottling filed a response. Ms. Southern did not file a reply. For the following reasons, Ms. Southern's motion for attorney fees will be denied.

28 U.S.C. §1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Under Fed. R. Civ. P. 54(d)(2)(B), a motion for attorney fees "unless otherwise provided by statute or order of the court . . . must be filed no later than 14 days after entry of judgment."

On March 10, 2005, the Court granted Ms. Southern's motion to remand this action based on American Bottling's untimely removal. Ms. Southern filed the motion for attorney fees on March 25, 2005 which is one day after expiration of the 14-day period. However, under Fed. R. Civ. P. 6(b), the 14-day period may be enlarged in two circumstances:

> [T]he court for cause shown may at any time
> in its discretion (1) with or without motion
> or notice order the period enlarged if

> request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

In this case, Ms. Southern did not file a motion for an extension of time before the expiration of the 14-day period nor did she file such a motion after expiration of the 14-day period. As the court explained in Allen v. Murph, 194 F.3d 722 (6th Cir. 1999), a court can "permit a late filing only if the delay was the result of 'excusable neglect.'" Id. at 724 (quoting Fed. R. Civ. P. 6(b)(2)).

Ms. Southern did not address the untimeliness of the motion in the motion itself nor did she file a reply explaining the delay after the issue was raised in American Bottling's response. Therefore, the Court is without a basis for finding that the delay was the result of excusable neglect and thus is not permitted to enlarge the period. Consequently, Ms. Southern's motion for attorney fees (file doc. #21) is DENIED as untimely.

                    s/Algenon L. Marbley
                    Algenon L. Marbley
                    United States District Judge